**UNITED STATES of America, Plaintiff–Appellee**

v.

**Nehemias Segundo MARTINEZ–FLORES, Defendant–Appellant.**

**No. 10–50409**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 4, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Alberto Manuel Ramon, Esq., Trial Attorney, Law Office of Alberto M. Ramon, Eagle Pass, TX, for Defendant–Appellant.

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Nehemias Segundo Martinez–Flores (Martinez) appeals the sentence imposed upon his guilty plea conviction for illegal reentry. *See* 8 U.S.C. § 1326. In calculating Martinez's sentence under the Guidelines, the district court imposed a 16–level enhancement based on Martinez's prior Pennsylvania conviction for possession of a controlled substance with intent to deliver. Counsel initially objected to the enhancement, but later withdrew his objection.

---

Martinez argues that trial counsel was ineffective because he failed to brief and argue properly that his Pennsylvania offense was not a felony drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(I). We decline to address this argument because Martinez did not raise it in the district court. *See United States v. Montes,* 602 F.3d 381, 387–88 (5th Cir.2010). Although Martinez may raise this argument in a later proceeding, it is not a proper ground for reversal in this direct appeal. *See id.* at 388.

In the alternative, Martinez argues that the district court's application of the 16-level enhancement was plain error. The presentence report indicated that Martinez was convicted under 35 PA. CONS.STAT. § 780–113(a)(30), which prohibits the possession of a controlled substance with intent to deliver. The record does not contain the indictment or judgment from the state offense, but defense counsel specifically indicated to the district court that he had looked into the matter and wished to withdraw his objection. Although there was some discussion between counsel and the district court about the personal use subsection of the Pennsylvania statute, defense counsel did not argue that Martinez had been convicted under that subsection. Instead, he conceded that Martinez's prior offense was not a simple possession case but rather included the intent to deliver, which meant that Martinez had been convicted of a drug trafficking offense. In light of this colloquy, we conclude that defense counsel waived any objection to the sentence enhancement. *See United States v. Musquiz,* 45 F.3d 927, 931 (5th Cir.1995). Even if the issue were not waived, moreover, Martinez cannot show plain error. *See United States v. Ford,* 509 F.3d 714, 716–17 (5th Cir.2007) (noting that possession with intent to deliver is

equivalent to the drug trafficking offense, possession of a controlled substance with intent to distribute).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be